# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| THE PHELAN GROUP, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 2:23-cv-606 |
| v. | § | |
| | § | |
| HONDA MOTOR CO., LTD., | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant.* | § | |
| | § | |

## ORIGINAL COMPLAINT

Plaintiff The Phelan Group, LLC ("Plaintiff" or "Phelan Group"), by and through its attorneys, for its Original Complaint against Honda Motor Co., Ltd. ("Honda" or "Defendant"), and demanding trial by jury, hereby alleges as follows:

### I.  NATURE OF THE ACTION

1.     This is a civil action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

2.     Defendant designs, manufactures, provides, uses, sells, offers for sale, imports, and/or distributes vehicles and components thereof in the State of Texas and this District that infringe the Patents-in-Suit (as defined below), induces others to commit acts of patent infringement in the State of Texas and this District, and/or contributes to infringement by others in the State of Texas and this District.

3.     Phelan Group seeks past and future damages and prejudgment and post-judgment interest for Defendant's infringement of the Patents-in-Suit.

## II. PARTIES

4.      Phelan Group is a limited liability company organized and existing under the laws of the State of New Mexico.

5.      On information and belief, Defendant Honda Motor Co., Ltd. is a Japanese corporation with its principal place of business at 2-1-1, Minami-Aoyama, Minato-ku, Tokyo 107-8556, Japan. On information and belief, Honda does business itself, or through its subsidiaries, affiliates, and agents in the State of Texas and in this District.

6.      Honda may be served with process by serving the Texas Secretary of State, James E. Rudder Building, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas, and this action arises out of that business, but has not designated or maintained a resident agent for service of process in Texas as required by statute.

7.      On information and belief, Honda is responsible for, *inter alia*, all operations of Honda, including in the United States, for, among other operations, research and development, importing, making, manufacturing, marketing, distributing, offering for sale, and selling automotive vehicles and components from Honda-managed brands.

8.      On information and belief, Honda maintains dealerships throughout this District, at which Honda has committed acts of infringement and placed the Accused Products and Methods into the stream of commerce, including, at least Honda Cars of McKinney and David McDavid Honda of Frisco.

## III. JURISDICTION AND VENUE

9.      Because this action arises under the Patent Laws of the United States, in particular 35 U.S.C. §271 *et seq.*, this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 1338(a).

10.     Honda is subject to jurisdiction in the United States, and specifically in this District.

11.     Defendant is subject to jurisdiction in the United States, and specifically in this District, under Fed. R. Civ. P. 4(k)(2).  Defendant has contacts with the United States that include, *inter alia*, advertising, offering to sell, selling, and/or importing its vehicles and components thereof throughout the United States, including in this District and the patent infringement claims asserted herein arise directly from Defendant's conduct and continuous and systematic activity in the State of Texas and this District.

12.     On information and belief, Honda, individually and together with its intermediaries (including agents, subsidiaries, distributors, retailers, and others), designs, manufacturers, makes, distributes, offers for sale, sells, and/or imports vehicles and components thereof throughout the United States, including the State of Texas and this District, under the Honda brand name, as well as other owned and licensed brand names. The patent infringement claims asserted herein arise directly from Honda's conduct and continuous and systematic activity in the State of Texas and this District.

13.     The Court has personal jurisdiction over Honda by virtue of, *inter alia*, the patent infringement claims asserted herein which arise directly from Honda's conduct and continuous and systematic activity in the State of Texas and this District. The Court also has personal jurisdiction over Defendant by virtue of, *inter alia*, its agents and/or subsidiaries' acts and systematic and continuous contacts with the State of Texas and this District.

14.     This Court also has personal jurisdiction over Defendant because, among other things, (i) on information and belief, Honda employs employees and sells products and services to customers in the State of Texas and in this District; and (ii) the patent infringement claims arise directly from Honda's conduct and continuous and systematic activity in the State of Texas and this District.

15.     This Court has general and/or specific personal jurisdiction over Defendant in that it has, directly and/or through its intermediaries (including agents, subsidiaries, distributors, retailers, and others), committed acts within the State of Texas and this District giving rise to this action and/or have established minimum contacts with the State of Texas and this District such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

16.     On information and belief, Honda, alone and in concert with its subsidiaries purposefully has conducted and continues to conduct business in the State of Texas and in this Judicial District.

17.     On information and belief, Honda is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling vehicles throughout the United States, including in the State of Texas and in this Judicial District.

18.     On information and belief, this Judicial District has been and is a destination for the Honda managed brand(s) of vehicles accused of infringing the Patents-in-Suit.

19.     On information and belief, Honda does and intends to do business in Texas and in this Judicial District, directly and/or through intermediaries (including agents, subsidiaries, distributors, retailers, and others), has purposefully and voluntarily placed one or more infringing products and/or services, as described below, into the stream of commerce with expectation that the products will be purchased and used by end customers and/or consumers in the State of Texas and in this Judicial District.

20.     The infringing products and/or services have been and continue to be used, sold, offered for sale, purchased, and/or imported in the State of Texas, including in this Judicial District.

21.     Upon information and belief, Defendant directly and/or through intermediaries (including agents, subsidiaries, distributors, retailers, and others) makes, uses, designs, manufactures, distributes, imports, offers for sale, sells, and/or advertises its vehicles and components and affiliated services thereof in the State of Texas and this District.

22.     Further, on information and belief, Defendant has placed, and continues to place, infringing vehicles and components thereof into the stream of commerce, through an established distribution channel, with the knowledge and/or understanding that such vehicles and components thereof are sold in this United States, including in the State of Texas and specifically in this District, by selling and/or offering to sell the products in the State of Texas and this Judicial District, shipping infringing products into the State of Texas and this Judicial District, and/or shipping infringing products knowing those products would be shipped into the State of Texas and this District.

23.     On information and belief, Defendant transacts substantial business with entities and individuals in the State of Texas and in this District.

24.     Defendant regularly conducts business and/or has committed acts of patent infringement, has induced acts of patent infringement by others, and/or has contributed to patent infringement by others in the State of Texas, in this Judicial District, and elsewhere in the United States.

25.     On information and belief, Defendant derives, and has derived, substantial revenue from its infringing activity occurring in the State of Texas and within this District and/or should reasonably expect its actions to have consequences in this State of Texas and this District.

26.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is a foreign corporation and not a resident in the United States and thus may be

sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).  Moreover, a substantial part of the events and omissions giving rise to the claims at issue occurred in this District.

27.    Honda is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and in this District, because, among other things, (a) Honda has done and continues to do business in the State of Texas and in this District, (b) Honda has committed and continues to commit acts of patent infringement in the State of Texas and this District, including making, using, offering to sell, selling, and/or importing accused products into the State of Texas and this District, inducing others to commit acts of patent infringement in the State of Texas and this District, and/or contributing to acts of patent infringement in the State of Texas and this District, and/or (c) Honda has engaged and continues to engage in persistent conduct and/or has derived and continues to derive substantial revenue from goods and services provided to customers, including accused products, in the State of Texas and in this District.

## IV.  BACKGROUND

### Patents-in-Suit

28.    Over the past ten years, the United States Patent and Trademark Office has awarded at least eight patents to Michael Phelan that have been assigned to Phelan Group, including the seven Patents-in-Suit, thereby recognizing the many discoveries made by Mr. Phelan relating to systems and methods for authenticating a driver and controlling and/or monitoring the usage of a vehicle.

29.    Phelan Group is an operating company that has been actively developing and commercializing products under the brand name RideBeside.  Phelan Group's products are based on the inventions disclosed in Phelan Group's patents and, among other things, are aimed toward

driver safety and training. Initial product configurations are in road testing and are configured to help drivers form safer driving habits by providing real-time feedback regarding driving decisions.

30.    Phelan Group is the owner of all right, title, and interest in and to U.S. Patent No. 9,045,101 (the "'101 Patent," attached as **Exhibit 1**), entitled "Driver Authentication System and Method for Monitoring and Controlling Vehicle Usage," issued on June 2, 2015.

31.    Phelan Group is the owner of all right, title, and interest in and to U.S. Patent No. 9,493,149 (the "'149 Patent," attached as **Exhibit 2**), entitled "Driver Authentication System and Method for Monitoring and Controlling Vehicle Usage," issued November 15, 2016.

32.    Phelan Group is the owner of all right, title, and interest in and to U.S. Patent No. 9,908,508 (the "'508 Patent," attached as **Exhibit 3**), entitled "Driver Authentication System and Method for Monitoring and Controlling Vehicle Usage," issued on March 6, 2018.

33.    Phelan Group is the owner of all right, title, and interest in and to U.S. Patent No. 10,259,465 (the "'465 Patent," attached as **Exhibit 4**), entitled "Driver Authentication System and Method for Monitoring and Controlling Vehicle Usage," issued on April 16, 2019.

34.    Phelan Group is the owner of all right, title, and interest in and to U.S. Patent No. 10,259,470 (the "'470 Patent," attached as **Exhibit 5**), entitled "Driver Authentication System and Method for Monitoring and Controlling Vehicle Usage," issued on April 16, 2019.

35.    Phelan Group is the owner of all right, title, and interest in and to U.S. Patent No. 11,352,020 (the "'020 Patent," attached as **Exhibit 6**), entitled "Driver Authentication System and Method for Monitoring and Controlling Vehicle Usage," issued on June 7, 2022.

36.     Phelan Group is the owner of all right, title, and interest in and to U.S. Patent No. 11,472,427 (the "'427 Patent," attached as **Exhibit 7**), entitled "Driver authentication system and method for monitoring and controlling vehicle usage," issued on October 18, 2022.

37.    Together, the foregoing patents are referred to herein as the "Patents-in-Suit." Phelan Group is the assignee of the Patents-in-Suit and has all rights to sue for infringement and collect past and future damages for the infringement thereof.

38.    Phelan Group has also filed a pending continuation U.S. Patent Application No. 17/146,101, entitled "Driver Authentication System and Method for Monitoring and Controlling Vehicle Usage," which was filed on May 17, 2022.

DEFENDANT'S ACTS

39.    On information and belief, Defendant leads an interrelated group, referred to as the Honda Group, which together makes, manufacturers, offers for sale, sells, and imports Honda managed brands of vehicles, as well at other owned and licensed brand names, into the United States, including in the State of Texas and this District.[1]

40.    On information and belief, the Honda Group includes at least American Honda Motor Co. ("American Honda"), which is a California corporation with its principal place of business at 1919 Torrance Blvd., Torrance, California, 90501; and Honda Development and Manufacturing of America LLC ("Honda D&M"), which is an Ohio Corporation with a principal place of business at 24000 Honda Parkway, Marysville OH.  On information and belief, both American Honda and Honda D&M are wholly-owned subsidiaries of Honda.

41.    On information and belief, Defendant and its subsidiaries and affiliates are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the accused products and service described herein in the United States,

---

[1]    *See*    https://global.honda/en/sustainability/integratedreport/pdf/Honda_Report_2023-en-all.pdf?utm_source=top&utm_medium=link&utm_campaign=integratedreport2023&utm (defining the "Honda Group" as "consist[ing] of Honda Motor Co., Ltd. and its 382 domestic and overseas companies (313 consolidated subsidiaries and 69 affiliates accounted for under the equity method))".

including in the State of Texas generally and this District in particular.  On information and belief, Honda and its subsidiaries and affiliates share common management, advertising platforms, facilities, distribution chains and platforms, and accused products and services. For example, Noriya Kaihara serves both as Director, Senior Managing Executive Officer, and Chief Officer for Regional Operations (North America) for Defendant and as President, Chief Executive Officer and Director of Defendant's wholly owned subsidiary, American Honda.[2]

42.    On information and belief, Defendant directs and controls the activities of the Honda Group, including American Honda and Honda D&M.  According to Defendant's corporate literature, Defendant directs the strategy and operations of its wholly owned subsidiaries, is involved at a product level by listing various of its strategies and objectives.  Defendant's annual reports describe its financial statements as financial statements of Defendant and present the financial success of the entire Honda Group (including American Honda and Honda D&M).[3]

43.    On information and belief, Defendant does business itself and through its subsidiaries, affiliates, and agents, including American Honda and/or Honda D&M, in the United States, the State of Texas, and this Judicial District.

44.    On information and belief, Defendant and its affiliates and subsidiaries, including American Honda and Honda D&M, operate as a unitary business.

45.    On information and belief, American Honda and Honda D&M operate as agents of Defendant, and/or work in concert with Defendant, to make, use, offer to sell, sell, and/or import infringing products and services in the United States, including in the State of Texas and in this District.

---

[2] *See id.*
[3] *See, e.g.*, https://global.honda/en/about/overview.html.

46.    Defendant is liable for all the acts of patent infringement alleged herein.

47.    Defendant makes, uses, sells, offers for sale, distributes, and/or imports vehicles and components of vehicles that have systems and methods for driver authentication and monitoring and controlling vehicle usage as either a standard and/or optional feature, including (but not limited to) Honda Sensing and Remote Services. These vehicles include (but are not limited to) the 2022 Honda Accord and/or 2022 Honda Civic. The Honda vehicles that come equipped with, for example, Honda Sensing and Remote Services utilize, without authorization or license, the inventions disclosed in the Patents-in-Suit. The Accused Products and Methods in this case encompass all Honda vehicles with Honda Sensing and Remote Services, as well as all other advanced driver assistance systems ("ADAS") and driver authentication systems that operate in a materially similar manner.

48.    By way of illustration only, the 2022 Honda Accord equipped with Honda Sensing and Remote Services meets each and every element of one or more claims of the Patents-in-Suit, including at least claim 1 of each of the Patents-in-Suit.

49.    The 2022 Honda Accord equipped with Honda Sensing and Remote Services includes a suite of systems, features, and/or technology for driver authentication, active safety technologies and ADAS designed to help address accident protection, including, *inter alia*, preventing or mitigating collisions and enhancing safe driving, data recordation including time and speed, alarm generation, specified operational parameters, and operational control of the vehicle including when operational parameters are violated.

50.    On information and belief, Honda Sensing and Remote Services available in other Honda models function in materially the same manner, and so those vehicles also infringe each of the Patents-in-Suit.

51.    Honda Remote Services, including by way of example the My Honda App and HondaLink App, provides driver authentication and monitoring and controlling of usage of Honda vehicles, including as shown below.

52.    Honda employs Honda Remote Services as an authorization method(s).  Honda Remote Services authorizes one or more vehicle users and lets an authorized user(s) control select features of a Honda vehicle, including the 2022 Honda Accord using a keyfob or smartphone with the My Honda App and/or HondaLink App.

53.    Honda Remote Services technology allows a user to access (e.g., unlock, lock, start) a Honda vehicle through the My Honda App and/or HondaLink App.

54.    With Honda Remote Services, authorized users (including a primary driver and/or [an] authorized remote driver(s)) can control select features of a Honda vehicle, including without limitation locking and unlocking doors and starting the vehicle.

55.    Honda Remote Services includes, *inter alia*, settings which allows a user to define limits for drivers including at least speed limit and/or area/distance from a set location limit. Honda Remote Services provides alerts, which notify the primary driver with push notification alerts if a defined limit for the driver has been violated.[4]

---

[4]  *See, e.g.*, https://mygarage.honda.com/s/hondalink-marketing.

## Remote

**START FREE TRIAL**

### WHY SUBSCRIBE TO REMOTE?

The Remote package unlocks more convenient connectivity features for your Honda. Effortlessly check in on your vehicle's location, get alerts, and access exclusive Amazon features from your app no matter where you are.

### KEY FEATURES

 **Remote Start**

Get comfy by cooling down or warming up your car ahead of time.*

 **Security Alarm Alert**

Get notifications when your vehicle alarm is triggered.

 **Remote Lock & Unlock**

Remotely lock or unlock the car doors with the app.

 **Find My Car**

Never forget where you parked by displaying your vehicle location on the app.

 **Geofence Alert**

Receive a notification anytime your car enters or leaves a region set by you.

 **Destination by Voice**

Talk to an IVR system to search for places and get directions sent to your navigation system.

 **Stolen Vehicle Locator**

The locator system uses sophisticated technology to help the authorities find your stolen car.

56.     Honda Sensing provides monitoring and operational control of Honda vehicles, including as shown below.

57.    For example, Honda Sensing includes various advanced driver assistance systems (ADAS), components, and features, including (but not limited to) Collision Mitigation Braking System with Forward Collision Warning, Road Departure Mitigation with Lane Departure Warning, Lane Keeping Assist System, Adaptive Cruise Control w/ Low-Speed Follow, Traffic Jam Assist, Traffic Sign Recognition, Driver Attention Monitor, Blindspot Information System, Cross Traffic Monitor, and/or Auto High-Beam Headlights[5].



---

[5] *See, e.g.*, https://automobiles.honda.com/sensing.



58.    Collision Mitigation Braking System is designed to "alert[] the driver when it determines there is the potential for a collision, and then automatically applies emergency braking to help avoid or reduce the severity of a collision if drivers don't take corrective action on their own."  Forward Collision Warning is designed "to detect vehicles and pedestrians ahead and to determine whether a collision is imminent," and if a collision may occur "sound an audible alert and trigger a visual warning on the instrument panel and, when Collision Mitigation Braking System is also activated and the driver fails to respond, automatically apply the vehicle's brakes. Road Departure Mitigation with Lane Departure Warning is designed to "detect[] that the vehicle is about to leave the detected lane," to "display[] a visual Lane Departure Warning (LDW) on the

instrument," and to "take corrective action by providing steering assist and/or braking to help the driver stay on the road." Lane Keeping Assist System is designed to "read lane markings and use[] the electric power steering to assit the driver in keeping in the middle of the lane." Adaptive Cruise Control is designed to "continually track the distance to the vehicle ahead, and then adjust the vehicle's speed to maintain the driver-selected following interval." Low Speed Follower is designed to "extend[d] the automatic following capability of [Adaptive Cruise Control] to stop-and-go traffic situations." Traffic Jam Assist is designed to "provid[e] light steering assist all the way to a complete stop if needed." Traffic Sign Recognition is designed to "support[] the driver in recognizing traffic speed limit signs." Driver Attention Monitor is designed to "monitor[] and assess[] driver behavior behind the whell to help determine if the driver is becoming inattentive" and "issue[] a warning."[6]

59.    On information and belief, Honda vehicles equipped with Honda Sensing and Remote Services, including the 2022 Accord, use, store, record, and secure vehicle data, including (but not limited to) speed and location information.[7]

60.    On information and belief, Honda (and its customers) deploy the Accused Products and Methods on networks in combination with other products. The specific code portions and modules directed to the infringing functionality will be identified from those systems as they are made available for inspection and review by Phelan Group.

61.    On information of belief, Honda also implements contractual protections in the form of license and use restrictions with its customers to preclude the unauthorized reproduction, distribution, and modification of its software.

---

[6] *See, e.g.*, https://hondanews.com/en-US/honda-automobiles/releases/release-b50efa689496a1943cdccc46490eeec8-honda-sensing.
[7] *See, e.g.*, https://www.honda.com/privacy/connected-product-privacy-notice.

62.     Moreover, on information and belief, Honda implements technical precautions to attempt to thwart customers who would circumvent the intended operation of Honda products.

63.     Phelan Group has not obtained discovery about Honda infringement and the Court has not construed the meaning of any claims or terms in the Patents-in-Suit.  The factual allegations provided in this Complaint are illustrative and without prejudice to Phelan Group's final infringement contentions.  Further, in providing these allegations, Phelan Group is not implying any particular claim construction or claim scope.

## V.  COUNTS OF PATENT INFRINGEMENT

### COUNT ONE
### INFRINGEMENT OF U.S. PATENT NO. 9,045,101

64.     Phelan Group incorporates by reference its allegations in all the preceding paragraphs of this Complaint as if fully restated in this paragraph.

65.     Phelan Group is the assignee and owner of all right, title, and interest to the '101 Patent. Phelan Group has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

66.     On information and belief, Honda, without authorization or license, has been and is presently directly infringing one or more claims of the '101 Patent, including at least claim 1, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using (including for testing purposes), offering for sale, selling in the United States, or importing into the United States the Accused Products and Methods.

67.     Honda has been aware of the '101 Patent, and of its infringement of the '101 Patent, no later than the date this Complaint was served.

68.     On information and belief, at least since the date upon which Honda learned of the '101 Patent, Honda, without authorization or license, has been and is presently indirectly infringing

one or more claims of the '101 Patent, including at least claim 1 of the '101 Patent, under 35 U.S.C. § 271(b), (c), and/or (f).

69.     On information and belief, Honda has been and is presently actively inducing infringement of the '101 Patent, including at least claim 1, under 35 U.S.C. § 271(b).  Such inducement includes, without limitation, with specific intent to encourage infringement, knowingly and actively inducing, directing, causing, and encouraging others, including but not limited to, its partners, resellers, distributors, customers, and/or other end users, to make, use, sell, and/or offer to sell in the United States and/or import into the United States the Accused Products and Methods.  Honda induces these third parties to directly infringe the '101 Patent because Honda's affirmative acts of making, selling, and offering to sell its vehicles and services, or components thereof, cause the Accused Products and Methods to be used in a manner that infringes the '101 Patent.  Honda further induces these third parties to directly infringe the '101 Patent by providing guidance, instruction, manuals, advertisements, marketing materials, and technical assistance relating to installation, set up, maintenance, and use and/or operation of the Accused Products and Methods in their normal and customary way to infringe the '101 Patent.

70.     On information and belief, Honda has been and is presently indirectly infringing the '101 Patent, including at least claim 1, under 35 U.S.C. § 271(c) and/or (f), by contributing to infringement of the '101 Patent by others, such as partners, resellers, distributors, customers, and/or other end users, under 35 U.S.C. § 271(c) and/or (f). Honda has made, offered to sell and/or sells in the United States and/or imported into the United States, the Accused Products and Methods, which are a material part of the claimed invention of the '101 Patent.  Honda knows that the Accused Products and Methods and/or components thereof (alone or in combination), which when installed in a vehicle according to their natural and intended purpose, are especially made or

especially adapted for use in an infringement of the '101 Patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

71.    At least since the date upon which Honda learned of the '101 Patent, Honda has willfully infringed the '101 Patent by deliberately or intentionally engaging in acts of infringement on an ongoing basis with knowledge of the '101 Patent.

72.    As a result of Honda's infringement of the '101 Patent, Phelan Group has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

COUNT TWO
INFRINGEMENT OF U.S. PATENT NO. 9,493,149

73.    Phelan Group incorporates by reference its allegations in all the preceding paragraphs of this Complaint as if fully restated in this paragraph.

74.    Phelan Group is the assignee and owner of all right, title, and interest to the '149 Patent. Phelan Group has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

75.    On information and belief, Honda, without authorization or license, has been and is presently directly infringing one or more claims of the '149 Patent, including at least claim 1, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using (including for testing purposes), offering for sale, selling in the United States, or importing into the United States the Accused Products and Methods.

76.    Honda has been aware of the '149 Patent, and of its infringement of the '149 Patent, no later than the date this Complaint was served.

77.    On information and belief, at least since the date upon which Honda learned of the '149 Patent, Honda, without authorization or license, has been and is presently indirectly infringing

one or more claims of the '149 Patent, including at least claim 1 of the '149 Patent, under 35 U.S.C. § 271(b), (c), and/or (f).

78.     On information and belief, Honda has been and is presently actively inducing infringement of the '149 Patent, including at least claim 1, under 35 U.S.C. § 271(b).  Such inducement includes, without limitation, with specific intent to encourage infringement, knowingly and actively inducing, directing, causing, and encouraging others, including but not limited to, its partners, resellers, distributors, customers, and/or other end users, to make, use, sell, and/or offer to sell in the United States and/or import into the United States the Accused Products and Methods.  Honda induces these third parties to directly infringe the '149 Patent because Honda's affirmative acts of making, selling, and offering to sell its vehicles and services, or components thereof, cause the Accused Products and Methods to be used in a manner that infringes the '149 Patent.  Honda further induces these third parties to directly infringe the '149 Patent by providing guidance, instruction, manuals, advertisements, marketing materials, and technical assistance relating to installation, set up, maintenance, and use and/or operation of the Accused Products and Methods in their normal and customary way to infringe the '149 Patent.

79.     On information and belief, Honda has been and is presently indirectly infringing the '149 Patent, including at least claim 1, under 35 U.S.C. § 271(c) and/or (f), by contributing to infringement of the '149 Patent by others, such as partners, resellers, distributors, customers, and/or other end users, under 35 U.S.C. § 271(c) and/or (f). Honda has made, offered to sell and/or sells in the United States and/or imported into the United States, the Accused Products and Methods, which are a material part of the claimed invention of the '149 Patent.  Honda knows that the Accused Products and Methods and/or components thereof (alone or in combination), which when installed in a vehicle according to their natural and intended purpose, are especially made or

especially adapted for use in an infringement of the '149 Patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

80.    At least since the date upon which Honda learned of the '149 Patent, Honda has willfully infringed the '149 Patent by deliberately or intentionally engaging in acts of infringement on an ongoing basis with knowledge of the '149 Patent.

81.    As a result of Honda's infringement of the '149 Patent, Phelan Group has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

COUNT THREE
INFRINGEMENT OF U.S. PATENT NO. 9,908,508

82.    Phelan Group incorporates by reference its allegations in all the preceding paragraphs of this Complaint as if fully restated in this paragraph.

83.    Phelan Group is the assignee and owner of all right, title, and interest to the '508 Patent. Phelan Group has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

84.    On information and belief, Honda, without authorization or license, has been and is presently directly infringing one or more claims of the '508 Patent, including at least claim 1, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using (including for testing purposes), offering for sale, selling in the United States, or importing into the United States the Accused Products and Methods.

85.    Honda has been aware of the '508 Patent, and of its infringement of the '508 Patent, no later than the date this Complaint was served.

86.    On information and belief, at least since the date upon which Honda learned of the '508 Patent, Honda, without authorization or license, has been and is presently indirectly infringing

one or more claims of the '508 Patent, including at least claim 1 of the '508 Patent, under 35 U.S.C. § 271(b), (c), and/or (f).

87.    On information and belief, Honda has been and is presently actively inducing infringement of the '508 Patent, including at least claim 1, under 35 U.S.C. § 271(b).  Such inducement includes, without limitation, with specific intent to encourage infringement, knowingly and actively inducing, directing, causing, and encouraging others, including but not limited to, its partners, resellers, distributors, customers, and/or other end users, to make, use, sell, and/or offer to sell in the United States and/or import into the United States the Accused Products and Methods.  Honda induces these third parties to directly infringe the '508 Patent because Honda's affirmative acts of making, selling, and offering to sell its vehicles and services, or components thereof, cause the Accused Products and Methods to be used in a manner that infringes the '508 Patent.  Honda further induces these third parties to directly infringe the '508 Patent by providing guidance, instruction, manuals, advertisements, marketing materials, and technical assistance relating to installation, set up, maintenance, and use and/or operation of the Accused Products and Methods in their normal and customary way to infringe the '508 Patent.

88.    On information and belief, Honda has been and is presently indirectly infringing the '508 Patent, including at least claim 1, under 35 U.S.C. § 271(c) and/or (f), by contributing to infringement of the '508 Patent by others, such as partners, resellers, distributors, customers, and/or other end users, under 35 U.S.C. § 271(c) and/or (f). Honda has made, offered to sell and/or sells in the United States and/or imported into the United States, the Accused Products and Methods, which are a material part of the claimed invention of the '508 Patent.  Honda knows that the Accused Products and Methods and/or components thereof (alone or in combination), which when installed in a vehicle according to their natural and intended purpose, are especially made or

especially adapted for use in an infringement of the '508 Patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

89.    At least since the date upon which Honda learned of the '508 Patent, Honda has willfully infringed the '508 Patent by deliberately or intentionally engaging in acts of infringement on an ongoing basis with knowledge of the '508 Patent.

90.    As a result of Honda's infringement of the '508 Patent, Phelan Group has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

COUNT FOUR
INFRINGEMENT OF U.S. PATENT NO. 10,259,465

91.    Phelan Group incorporates by reference its allegations in all the preceding paragraphs of this Complaint as if fully restated in this paragraph.

92.    Phelan Group is the assignee and owner of all right, title, and interest to the '465 Patent. Phelan Group has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

93.    On information and belief, Honda, without authorization or license, has been and is presently directly infringing one or more claims of the '465 Patent, including at least claim 1, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using (including for testing purposes), offering for sale, selling in the United States, or importing into the United States the Accused Products and Methods.

94.    Honda has been aware of the '465 Patent, and of its infringement of the '465 Patent, no later than the date this Complaint was served.

95.    On information and belief, at least since the date upon which Honda learned of the '465 Patent, Honda, without authorization or license, has been and is presently indirectly infringing

one or more claims of the '465 Patent, including at least claim 1 of the '465 Patent, under 35 U.S.C. § 271(b), (c), and/or (f).

96.    On information and belief, Honda has been and is presently actively inducing infringement of the '465 Patent, including at least claim 1, under 35 U.S.C. § 271(b).  Such inducement includes, without limitation, with specific intent to encourage infringement, knowingly and actively inducing, directing, causing, and encouraging others, including but not limited to, its partners, resellers, distributors, customers, and/or other end users, to make, use, sell, and/or offer to sell in the United States and/or import into the United States the Accused Products and Methods.  Honda induces these third parties to directly infringe the '465 Patent because Honda's affirmative acts of making, selling, and offering to sell its vehicles and services, or components thereof, cause the Accused Products and Methods to be used in a manner that infringes the '465 Patent.  Honda further induces these third parties to directly infringe the '465 Patent by providing guidance, instruction, manuals, advertisements, marketing materials, and technical assistance relating to installation, set up, maintenance, and use and/or operation of the Accused Products and Methods in their normal and customary way to infringe the '465 Patent.

97.    On information and belief, Honda has been and is presently indirectly infringing the '465 Patent, including at least claim 1, under 35 U.S.C. § 271(c) and/or (f), by contributing to infringement of the '465 Patent by others, such as partners, resellers, distributors, customers, and/or other end users, under 35 U.S.C. § 271(c) and/or (f). Honda has made, offered to sell and/or sells in the United States and/or imported into the United States, the Accused Products and Methods, which are a material part of the claimed invention of the '465 Patent.  Honda knows that the Accused Products and Methods and/or components thereof (alone or in combination), which when installed in a vehicle according to their natural and intended purpose, are especially made or

especially adapted for use in an infringement of the '465 Patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

98.     At least since the date upon which Honda learned of the '465 Patent, Honda has willfully infringed the '465 Patent by deliberately or intentionally engaging in acts of infringement on an ongoing basis with knowledge of the '465 Patent.

99.     As a result of Honda's infringement of the '465 Patent, Phelan Group has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

COUNT FIVE
INFRINGEMENT OF U.S. PATENT NO. 10,259,470

100.     Phelan Group incorporates by reference its allegations in all the preceding paragraphs of this Complaint as if fully restated in this paragraph.

101.     Phelan Group is the assignee and owner of all right, title, and interest to the '470 Patent. Phelan Group has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

102.     On information and belief, Honda, without authorization or license, has been and is presently directly infringing one or more claims of the '470 Patent, including at least claim 1, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using (including for testing purposes), offering for sale, selling in the United States, or importing into the United States the Accused Products and Methods.

103.     Honda has been aware of the '470 Patent, and of its infringement of the '470 Patent, no later than the date this Complaint was served.

104.     On information and belief, at least since the date upon which Honda learned of the '470 Patent, Honda, without authorization or license, has been and is presently indirectly infringing

one or more claims of the '470 Patent, including at least claim 1 of the '470 Patent, under 35 U.S.C. § 271(b), (c), and/or (f).

105.    On information and belief, Honda has been and is presently actively inducing infringement of the '470 Patent, including at least claim 1, under 35 U.S.C. § 271(b).  Such inducement includes, without limitation, with specific intent to encourage infringement, knowingly and actively inducing, directing, causing, and encouraging others, including but not limited to, its partners, resellers, distributors, customers, and/or other end users, to make, use, sell, and/or offer to sell in the United States and/or import into the United States the Accused Products and Methods.  Honda induces these third parties to directly infringe the '470 Patent because Honda's affirmative acts of making, selling, and offering to sell its vehicles and services, or components thereof, cause the Accused Products and Methods to be used in a manner that infringes the '470 Patent.  Honda further induces these third parties to directly infringe the '470 Patent by providing guidance, instruction, manuals, advertisements, marketing materials, and technical assistance relating to installation, set up, maintenance, and use and/or operation of the Accused Products and Methods in their normal and customary way to infringe the '470 Patent.

106.    On information and belief, Honda has been and is presently indirectly infringing the '470 Patent, including at least claim 1, under 35 U.S.C. § 271(c) and/or (f), by contributing to infringement of the '470 Patent by others, such as partners, resellers, distributors, customers, and/or other end users, under 35 U.S.C. § 271(c) and/or (f). Honda has made, offered to sell and/or sells in the United States and/or imported into the United States, the Accused Products and Methods, which are a material part of the claimed invention of the '470 Patent.  Honda knows that the Accused Products and Methods and/or components thereof (alone or in combination), which when installed in a vehicle according to their natural and intended purpose, are especially made or

especially adapted for use in an infringement of the '470 Patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

107.    At least since the date upon which Honda learned of the '470 Patent, Honda has willfully infringed the '470 Patent by deliberately or intentionally engaging in acts of infringement on an ongoing basis with knowledge of the '470 Patent.

108.    As a result of Honda's infringement of the '470 Patent, Phelan Group has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

COUNT SIX
INFRINGEMENT OF U.S. PATENT NO. 11,352,020

109.    Phelan Group incorporates by reference its allegations in all the preceding paragraphs of this Complaint as if fully restated in this paragraph.

110.    Phelan Group is the assignee and owner of all right, title, and interest to the '020 Patent. Phelan Group has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

111.    On information and belief, Honda, without authorization or license, has been and is presently directly infringing one or more claims of the '020 Patent, including at least claim 1, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using (including for testing purposes), offering for sale, selling in the United States, or importing into the United States the Accused Products and Methods.

112.    Honda has been aware of the '020 Patent, and of its infringement of the '020 Patent, no later than the date this Complaint was served.

113.    On information and belief, at least since the date upon which Honda learned of the '020 Patent, Honda, without authorization or license, has been and is presently indirectly infringing

one or more claims of the '020 Patent, including at least claim 1 of the '020 Patent, under 35 U.S.C. § 271(b), (c), and/or (f).

114.    On information and belief, Honda has been and is presently actively inducing infringement of the '020 Patent, including at least claim 1, under 35 U.S.C. § 271(b).  Such inducement includes, without limitation, with specific intent to encourage infringement, knowingly and actively inducing, directing, causing, and encouraging others, including but not limited to, its partners, resellers, distributors, customers, and/or other end users, to make, use, sell, and/or offer to sell in the United States and/or import into the United States the Accused Products and Methods.  Honda induces these third parties to directly infringe the '020 Patent because Honda's affirmative acts of making, selling, and offering to sell its vehicles and services, or components thereof, cause the Accused Products and Methods to be used in a manner that infringes the '020 Patent.  Honda further induces these third parties to directly infringe the '020 Patent by providing guidance, instruction, manuals, advertisements, marketing materials, and technical assistance relating to installation, set up, maintenance, and use and/or operation of the Accused Products and Methods in their normal and customary way to infringe the '020 Patent.

115.    On information and belief, Honda has been and is presently indirectly infringing the '020 Patent, including at least claim 1, under 35 U.S.C. § 271(c) and/or (f), by contributing to infringement of the '020 Patent by others, such as partners, resellers, distributors, customers, and/or other end users, under 35 U.S.C. § 271(c) and/or (f). Honda has made, offered to sell and/or sells in the United States and/or imported into the United States, the Accused Products and Methods, which are a material part of the claimed invention of the '020 Patent.  Honda knows that the Accused Products and Methods and/or components thereof (alone or in combination), which when installed in a vehicle according to their natural and intended purpose, are especially made or

especially adapted for use in an infringement of the '020 Patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

116.    At least since the date upon which Honda learned of the '020 Patent, Honda has willfully infringed the '020 Patent by deliberately or intentionally engaging in acts of infringement on an ongoing basis with knowledge of the '020 Patent.

117.    As a result of Honda's infringement of the '020 Patent, Phelan Group has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

COUNT SEVEN
INFRINGEMENT OF U.S. PATENT NO. 11,472,427

118.    Phelan Group incorporates by reference its allegations in all the preceding paragraphs of this Complaint as if fully restated in this paragraph.

119.    Phelan Group is the assignee and owner of all right, title, and interest to the '427 Patent. Phelan Group has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

120.    On information and belief, Honda, without authorization or license, has been and is presently directly infringing one or more claims of the '427 Patent, including at least claim 1, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using (including for testing purposes), offering for sale, selling in the United States, or importing into the United States the Accused Products and Methods.

121.    Honda has been aware of the '427 Patent, and of its infringement of the '427 Patent, no later than the date this Complaint was served.

122.    On information and belief, at least since the date upon which Honda learned of the '427 Patent, Honda, without authorization or license, has been and is presently indirectly infringing

one or more claims of the '427 Patent, including at least claim 1 of the '427 Patent, under 35 U.S.C. § 271(b), (c), and/or (f).

123.    On information and belief, Honda has been and is presently actively inducing infringement of the '427 Patent, including at least claim 1, under 35 U.S.C. § 271(b).  Such inducement includes, without limitation, with specific intent to encourage infringement, knowingly and actively inducing, directing, causing, and encouraging others, including but not limited to, its partners, resellers, distributors, customers, and/or other end users, to make, use, sell, and/or offer to sell in the United States and/or import into the United States the Accused Products and Methods.  Honda induces these third parties to directly infringe the '427 Patent because Honda's affirmative acts of making, selling, and offering to sell its vehicles and services, or components thereof, cause the Accused Products and Methods to be used in a manner that infringes the '427 Patent.  Honda further induces these third parties to directly infringe the '427 Patent by providing guidance, instruction, manuals, advertisements, marketing materials, and technical assistance relating to installation, set up, maintenance, and use and/or operation of the Accused Products and Methods in their normal and customary way to infringe the '427 Patent.

124.    On information and belief, Honda has been and is presently indirectly infringing the '427 Patent, including at least claim 1, under 35 U.S.C. § 271(c) and/or (f), by contributing to infringement of the '427 Patent by others, such as partners, resellers, distributors, customers, and/or other end users, under 35 U.S.C. § 271(c) and/or (f). Honda has made, offered to sell and/or sells in the United States and/or imported into the United States, the Accused Products and Methods, which are a material part of the claimed invention of the '427 Patent.  Honda knows that the Accused Products and Methods and/or components thereof (alone or in combination), which when installed in a vehicle according to their natural and intended purpose, are especially made or

especially adapted for use in an infringement of the '427 Patent, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

125.    At least since the date upon which Honda learned of the '427 Patent, Honda has willfully infringed the '427 Patent by deliberately or intentionally engaging in acts of infringement on an ongoing basis with knowledge of the '427 Patent.

126.    As a result of Honda's infringement of the '427 Patent, Phelan Group has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

## VI.    JURY DEMAND

127.    Phelan Group respectfully demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Phelan Group respectfully requests that this Court enter judgment in its favor and grant the following relief against Defendant:

A.    Judgment that Honda infringed and continues to infringe one or more claims of each of the Patents-in-Suit;

B.    Judgment that Honda's infringement was and is willful;

C.    Award Phelan Group damages in an amount adequate to compensate Phelan Group for Honda's infringement of the Patents-in-Suit, and in no event less than a reasonable royalty, together with prejudgment and post-judgment interest, and an ongoing royalty for continued infringement;

D.    Award Phelan Group treble damages in light of Honda's willful infringement;

E.    Enter an order finding this to be an exceptional case and award Phelan Group its reasonable attorneys' fees under 35 U.S.C. § 285;

F.     Award Phelan Group its costs of suit; and

G.     Award Phelan Group such other relief as the Court deems just and proper under the

circumstances.

DATED: December 15, 2023                    Respectfully submitted,

                                            */s/ Andrew DiNovo*
                                            Andrew G. DiNovo
                                            Texas State Bar No. 00790594
                                            adinovo@dinovoprice.com
                                            Nicole E. Glauser
                                            Texas State Bar No. 24050694
                                            nglauser@dinovoprice.com
                                            Adam G. Price
                                            Texas State Bar No. 24027750
                                            aprice@dinovoprice.com
                                            Michael D. French
                                            Texas State Bar No. 24116392
                                            mfrench@dinovoprice.com
                                            **DINOVO PRICE LLP**
                                            7000 N. MoPac Expressway, Suite 350
                                            Austin, Texas 78731
                                            Telephone: (512) 539-2626
                                            Facsimile: (512) 727-6691

                                            **COUNSEL FOR PLAINTIFF**
                                            **THE PHELAN GROUP LLC**